[Civ. No. 4741. Third Appellate District.—August 3, 1933.]

MANSELL A. DAVIS, Respondent, v. KITTLE MANUFACTURING COMPANY (a Corporation), Appellant.

Stick, Moerdyke & Gibson and John C. Stick, for Appellant.

Roscoe R. Hess for Respondent.

THE COURT.—This is a motion to set aside an order of submission for the purpose of consolidating this appeal with that of another case which was subsequently tried between the same parties, and which was appealed to and is now pending in the District Court of Appeal of the Second District.

In January, 1930, judgment in this case for $16,295 was rendered in favor of plaintiff by the Superior Court of Los Angeles County in a suit to recover royalties pursuant to a contract for the manufacture and use of a patented bedstead. The appellant's opening brief was not filed until January, 1931. The record on appeal contains 2,000 pages of evidence. The cause was finally argued and submitted to this court for decision on May 10, 1933. On June 22, 1933, the appellant filed his notice of motion to set aside the order of submission in this case on the ground that another case between the same parties was subsequently decided by the Superior Court of Los Angeles County, and thereafter appealed to the District Court of Appeal of the Second District, in which last-mentioned case findings were adopted which are alleged to be in irreconcilable conflict with the findings of this case. It is urged that this cause should be consolidated with the other case so as to enable the appellate court to "reconcile said findings, and to avoid two decisions upon the same facts and under contrary and contradictory findings".

From the affidavits which were filed in support of the motion to set aside the submission in this case, it appears that the appeal which is pending in the District Court of

Appeal of the Second District is not ready for submission. It does not appear when that appeal will be ready for submission. There is no satisfactory showing that the evidence upon which the two cases were decided is the same. The validity of the judgments in the respective cases must necessarily depend upon the records of each separate case as they are presented on appeal. The evidence which was adduced in one case may not be used to support or impair the findings which were adopted in the other case. Each must stand upon its own record. The second appeal is not pending in this court. This court has no authority to consolidate cases unless both appeals are pending in this court. There is no assurance the Supreme Court would consolidate these two cases on appeal if both cases were pending before that tribunal.

The unwarranted delay which would result from an order setting aside the submission in this case might amount to a denial of justice to the litigants. There is no assurance a consolidation of these two cases would subserve any good or equitable purpose.

The motion is denied.